UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE JIMENEZ-JIMENEZ,<br><br>    Defendant. | Case No. 18-cr-04525-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 273)** |

    The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

    In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023). Based on these amendments, Defendant Jose Jimenez-Jimenez now files a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) and General Order 755. (ECF No. 273.) The Court referred the case to Federal Defenders for an evaluation. (ECF No. 274.) Federal Defenders has filed a Status Report concluding the "Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 282.)

At the time of sentencing, Defendant was neither a zero-point offender, nor did he receive any additional criminal history points under the old § 4A1.1(d). (Presentence Report ¶¶ 102–03, ECF No. 131.) Therefore, he does not qualify for relief under the new amendments, and his Motion to Reduce Sentence (ECF No. 273) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 22, 2024**

Hon. Cynthia Bashant
United States District Judge